UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

                                                                         Case No. 8-15-73332-reg

Laura Manno-DeGraw

                                  Debtor.                    Chapter 7
-------------------------------------------------------------------x
United States Trustee

                                  Plaintiff,

                                                                    Adv. Proc. No. 8-16-08006-reg

    v.

Laura Manno-DeGraw

                                  Defendants.
-------------------------------------------------------------------x

## *DECISION AFTER TRIAL*

This matter is before the Court pursuant to an adversary proceeding commenced by the United States Trustee (the "UST") against Laura Manno-DeGraw (the "Debtor") under 11 U.S.C. § 727(a)(2)(A) and (a)(4)(A). The UST seeks to bar the Debtor's discharge for concealing property of the estate and for making false oaths by failing to disclose the Debtor's ownership of and income derived from a business. The fresh start afforded to Chapter 7 debtors by a discharge is a bedrock principal of the Bankruptcy Code. However, a discharge of debts is a privilege afforded to honest debtors who abide by the requirements set forth in the Bankruptcy Code. Where a debtor intentionally files false or misleading information in the required schedules and forms, his or her right to a discharge is forfeited. This strict standard must be applied so as to balance the dual goals of the Bankruptcy Code to provide for a fresh start while protecting the rights of creditors. In this matter, the Debtor knowingly filed schedules that failed to disclose her true income and failed to disclose her ownership of a business. For the reasons set forth more fully below, the Debtor's

discharge is denied pursuant to 11 U.S.C. § 727(a)(4)(A). The UST also seek entry of an order denying the Debtor's discharge pursuant to § 727(a)(2)(A). Since the Court is denying the Debtor's discharge pursuant to 727(a)(4)(A), it declines to rule on this claim.

## *PROCEDURAL HISTORY*

On August 6, 2015, the Debtor filed a voluntary Chapter 7 petition (the "Petition"). On January 8, 2016, the UST commenced this adversary proceeding against the Debtor by filing a complaint (the "Complaint"). On March 24, 2016, the Debtor filed an answer to the Complaint. On April 22, 2016, the Debtor filed an affidavit in opposition. On April 28, 2016, the UST filed a motion for summary judgment (the "Motion"). On May 4, 2016 a hearing was held on the Motion, at which the Court determined that the Debtor made material false oaths. An evidentiary hearing was scheduled to determine whether the Debtor made these false statements knowingly and with fraudulent intent. On June 30, 2016 an evidentiary hearing (the "Evidentiary Hearing") was held, at which the UST's exhibits A through O and the Debtor's exhibit A were stipulated to be admitted. At the close of the Evidentiary Hearing, this matter was deemed submitted.

## *FACTS*

On August 6, 2015, the Debtor filed the Petition, which included the Debtor's schedules (the "Schedules") and statement of financial affairs (the "SOFA"). The Debtor's Schedule I ("Schedule I") indicates that the Debtor's only income is $1,099 per month from domestic support payments; Schedule I indicates that the Debtor has no wages or salary, nor income from operating a business. The SOFA indicates that the Debtor's income from employment or operation of a business was: $0 in 2015, $1,414 in 2014, and $1,800 in 2013. Schedule B and the SOFA indicate that the Debtor had no interest in any businesses. On April 20, 2016, the Debtor filed amended schedules A/B and an amended SOFA (collectively, the "Amended Petition"). The Amended

Petition indicates that the Debtor had a 100% ownership interest in East Coast Resources, Inc. ("ECR"), which was listing as having no value. The Amended Petition made no changes to the Debtor's income.

At the Evidentiary Hearing, the Debtor testified that she had owned ECR since its formation in late 2013, but that it was operated by her husband. The Debtor acknowledged in testimony that her husband has an outstanding judgment against him for unpaid taxes, which was one reason for her ownership of ECR. The Debtor also testified that she received no pay from ECR, but that she held ECR's debit card and had control of ECR's bank account. The Debtor further testified that she transferred money from ECR's bank account to her personal account to pay her household expenses, such as utility bills and personal taxes. The Debtor also testified that she and her husband used ECR's debit card to make purchases for the household. The Debtor explained that ECR was not included in the Schedules and SOFA because she forgot she owned ECR. The Debtor claims she only remembered that she owned ECR just prior to attending the § 341 meeting, at which time she disclosed her ownership interest to the Chapter 7 Trustee. The Debtor also, at various times, stated that she relied on her attorney and accountant to determine what disclosures to make and how to use ECR revenue, and that she had merely acted in reliance on their advice.

## *DISCUSSION*

Section 727 governs an individual chapter 7 debtor's discharge. The provisions of § 727 are construed strictly against the objecting party and liberally in favor of the debtor. *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1310 (2d Cir. 1996). The objecting party must prove the elements of § 727 by a preponderance of evidence. *In re Colish*, 289 B.R. 523, 536 (Bankr. E.D.N.Y. 2002).

**11 U.S.C. § 727(a)(4)(A)**

Section 727(a)(4)(A) provides: a discharge will not be granted if "the debtor knowingly and fraudulently, or in connection with the case ... made a false oath or account." 11 U.S.C. § 727(a)(4)(A). A party objecting to a debtor's discharge pursuant to § 727(a)(4)(A), must prove: "(1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." *Carlucci & Legum v. Murray (In re Murray),* 249 B.R. 223, 228 (E.D.N.Y. 2000). The Plaintiff bears the burden of establishing each element of § 727(a)(4)(A) by a preponderance of the evidence. *Id.* at 228.

A bankruptcy petition, schedules and related statements are declarations made under penalty of perjury and "constitute a statement under oath for purposes of § 727(a)(4)(A)." *Nof v. Gannon (In re Gannon),* 173 B.R. 313, 320 (Bankr. S.D.N.Y. 1994). "Omissions as well as affirmative misstatements qualify as false statements for Section 727(a)(4)(A) purposes." *Adler v. Lisa Ng and Charming Trading Company (In re Adler),* 395 B.R. 827, 841 (E.D.N.Y. 2008). "A debtor's disclosure of information previously omitted from schedules is some evidence of innocent intent, but this inference is 'slight where the debtor has ... amended his schedules after the trustee or creditors have already discovered what the debtor sought to hide.'" *In re Maletta*, 159 B.R. 108, 112 (Bankr. D. Conn. 1993) (citing *Matter of Kilson*, 83 B.R. 198, 203 (Bankr. D. Conn. 1988)).

In determining a debtor's knowledge of the falsehood of a statement "[c]ourts may consider the debtor's education, business experience, and reliance on counsel … but the debtor is not exonerated by pleading that he or she relied on patently improper advice of counsel." *Bub v. Rockstone Capital, LLC*, 516 B.R. 685, 695 (E.D.N.Y. 2014). "A statement is considered to have been made with knowledge of its falsity if it was known by the debtor to be false, made without

belief in its truth, or made with reckless disregard for the truth." *Maletta*, 159 B.R. at 112 (internal citations omitted). "Once a plaintiff produces evidence of a false statement, the burden shifts to the debtor to produce a credible explanation," absent which, "a court may infer fraudulent intent." *In re Virovlyanskiy*, 485 B.R. 268, 272 (Bankr. E.D.N.Y. 2013).

A false oath is material if it "bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." *Agai v. Antoniou (In re Antoniou),* 515 B.R. 9, 22 (Bankr. E.D.N.Y. 2014) (internal citation omitted). "[M]ateriality does not require a showing that the creditors were prejudiced by the false statement." *In re Robinson,* 506 F.2d 1184, 1188 (2d Cir. 1974).

In this case, the Petition contained material false oaths. The Petition was signed under penalty of perjury and is a statement made under oath. *See Gannon*, 173 B.R. at 320. The Petition contained material and demonstrably false statements and omissions, including: the failure to disclose the Debtor's ownership of ECR and the income derived by the Debtor from ECR in the form of payments of household expenses. *See Antoniou*, 515 B.R. at 22. These elements were established by the UST in connection with the Motion. The Court required the Evidentiary Hearing to establish the Debtor's knowledge and intent regarding the false statements.

Based on the record before the Court, the UST has established that the Debtor knew the statements were false. The Debtor plainly knew of the existence of ECR, her ownership of ECR, and the income she derived from ECR, by virtue of her pre-petition control over ECR's bank account and debit card, and her direction of funds from ECR to her personal account. The Debtor's explanation at the Evidentiary Hearing that she failed to remember that she owned ECR lacks any credibility. In fact, the Debtor testified that she was aware of one reason that ECR was put in her

name and not her husband's name, which is further indicia that she knew that she owned ECR when she completed the Petition.

The UST, having established that the Debtor made material false statements, created a rebuttable inference of fraudulent intent. *See Virovlyanskiy*, 485 B.R. at 272. The Debtor failed to provide a credible explanation as to why the Petition contained the false statements. The Debtor's attempted deflection that she did everything according to the advice of counsel is unavailing since any advice to omit the Debtor's ownership of and income from ECR, if given, would have been patently improper. *See Bub*, 516 B.R. at 695. Accordingly, the Court finds that the UST has established, by a preponderance of the evidence, that the Debtor made the aforementioned material false oaths with fraudulent intent, and that the Debtor failed to rebut this finding with any credible evidence.

## *CONCLUSION*

For the foregoing reasons, the Court finds the UST has satisfied its burden of showing, by a preponderance of the evidence, that the Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4)(A) and, accordingly, grants judgment in favor of the UST on the first cause of action. Since the Court has granted the denial of discharge, it declines to rule on the UST's second cause of action pursuant to 11 U.S.C. § 727(a)(2)(A). The Court shall enter judgment consistent with this Memorandum Decision forthwith.



Dated: Central Islip, New York
      July 6, 2016

_____
**Robert E. Grossman**
**United States Bankruptcy Judge**